# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 2636 | DATE | 7/18/2011 |
| CASE TITLE | Hopes vs. Dobek | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, the officers' motion for summary judgment (Doc. 30) and Hopes' motion for sanctions (Doc. 35) are denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Odell Hopes sued Chicago police officers Dobek, Hayes, and Rivera, as well as the City of Chicago, alleging the officers falsely arrested and prosecuted him for selling drugs on Chicago's West Side. The officers now move for summary judgment. The officers assert that Hopes sold drugs to one of the officers acting undercover, and, even assuming he was wrongly identified, the officers still had probable cause to arrest him because he matched the description of the individual that allegedly sold the drugs to the undercover officer. Hopes, on the other hand, testified that he was (1) not the person who sold the drugs; (2) was a block away the whole time; and (3) was unsure whether he was wearing clothing matching the description of the drug dealer. For the reasons below, the Court denies the officers' motion for summary judgment (Doc. 30.) The Court also denies Hopes' motion for sanctions against the officers for filing a frivolous summary judgment motion. (Doc. 35.)

I.   FACTS[1]

In May 2009, the defendant officers were part of an anti-narcotics team watching the 4700 block of West Huron Street in the Austin neighborhood of Chicago. (Doc. 32, 56.1 Facts ¶¶ 3-4, 6-7, 9.) According to the officers, Officer Dobek was driving down the street when he heard someone yell "rocks, rocks," presumably referring to crack cocaine. (*Id.* ¶ 11.) Officer Rivera arrived in the area and saw Hopes receive money in exchange for something small in a hand-to-hand transaction. (*Id.* ¶ 11.) Officer Dobek, acting undercover, drove up and asked Walter Thomas for four "rocks" of crack cocaine. (*Id.* ¶ 14.) According to the defendant officers, Hopes was 10 feet away from the car and passed to Thomas four small bags with a white rock-like substance that later tested positive for cocaine. (*Id.* ¶¶ 15-16.) Thomas then gave the crack cocaine to Officer Dobek in exchange for $40 in marked bills. (*Id.* ¶¶ 17-18.) Officer Rivera watched the hand-to-hand transaction. (*Id.* ¶ 15.) After he made the purchase, Officer Dobek drove off and radioed to his team the description of Thomas and the individual the officers claim was Hopes. (*Id.* ¶ 20.) He described the suspected drug dealer that passed the

| STATEMENT |
|---|

crack to Thomas as a tall, African-American male dressed in a green shirt, blue jeans and white gym shoes. (*Id.* ¶ 21.) A short distance away, Officer Hayes caught up with Hopes, who, according to the defendant officers, was wearing a green shirt, jeans, and white gym shoes. (*Id.* ¶¶ 26, 28.) Officer Dobek came over and identified Hopes as the individual who passed the suspected drugs to Thomas. (*Id.* ¶ 29.)

According to Hopes, he was a block away on Superior Street during the entire incident and was not involved whatsoever in the drug transaction. (Doc. 32-2; Hopes Dep. at 17, 19-25.) During his deposition, he stated that he did not recall whether he was wearing a green shirt when he was arrested, and he "probably" was wearing jeans and gym shoes. (*Id.* at 39.)

## II. SUMMARY JUDGMENT STANDARD AND DISCUSSION

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *See Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Summary judgment is properly denied where an issue of material fact can be resolved only after a determination of the credibility of witnesses, upon observing their demeanor; and where the evidence in support of the motion does not establish the *absence* of a genuine issue of material facts, even if *no* evidence opposing the motion has been presented." *Spreen v. Brey*, 961 F.2d 109, 111 (7th Cir. 1992).

Here, there is a material fact dispute whether Hopes was the individual who dealt drugs to Officer Dobek. The officers claim it was him, Hopes says he was a block away on Superior Street the whole time. The jury must determine who is more credible, the officers or Hopes. *See id.* The officers assert that even assuming that Hopes was not the drug dealer (and that they arrested the wrong person), they are entitled to qualified immunity because they had probable cause to arrest Hopes because he matched the description of the dealer. However, that too is disputed. The officers claim Hopes was wearing a green shirt, jeans and white gym shoes; Hopes could not recall whether he was wearing a green shirt. Further, assuming the officers arrested the wrong person, the jury must decide as a credibility issue whether the officers could have had probable cause to arrest Hopes given that they had closely monitored the suspected drug dealer during the transaction.

## III. MOTION FOR SANCTIONS

Pursuant to Rule 11 and 28 U.S.C. § 1927, Hopes has moved for sanctions against the officers for filing a frivolous summary judgment motion. Rule 11 states that by presenting papers to the Court, the attorney or party certifies that the filing is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that the legal argument presented is "warranted by existing law or by a nonfrivolous argument" for changing the law. *See* Fed. R. Civ. P. 11(a), (b). Under § 1927, if an attorney "multiples the proceedings in any case unreasonably and vexatiously," the moving party can obtain costs, expenses, and attorneys' fees incurred as a result. *See* 28 U.S.C. § 1927.

While the officer's motion for summary judgment was unsuccessful, for the reasons outlined above, it was not frivolous or made in bad faith. Further, Hopes did not need to use his resources to respond to it because with this order, the Court has denied it without requiring a response from him. The Court will not order sanctions in this instance.

| STATEMENT |
|---|
| IV.     **CONCLUSION**        For the foregoing reasons, the officers' motion for summary judgment (Doc. 30) and Hopes' motion for sanctions (Doc. 35) are denied. |

1. These facts are summarized from the officers' Local Rule 56.1 statement and Hopes' deposition testimony attached to that statement. At the Court's direction, Hopes did not file a response to the officers' motion for summary judgment.